Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 300
Englewood Cliffs, New Jersey 07632
(P) 201.461.0059
(E) matthew@lupoloverlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE MINK,<br><br>      Plaintiff,<br><br>   vs.<br><br>NATIONAL CREDIT ADJUSTERS<br><br>      Defendant | ) Case No.:<br>)<br>)<br>)<br>) CIVIL COMPLAINT<br>) JURY DEMAND<br>)<br>)<br>)<br>) |

Plaintiff, Natalie Mink, on behalf of himself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the Defendant, National Credit Adjusters (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.  This is an action for damages arising from Defendants' violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURSIDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3.  Venue is proper in this district under 28 U.S.C § 1391(b).

1

## PARTIES

4. Plaintiff is a natural person, who resides in the City of New York, New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a corporation in the business of collecting consumer debts in the State of New York, with its corporate address as 327 W. 4th Avenue, Hutchinson, Kansas 67501 and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. Plaintiff took out a loan from RISE for her personal use.

7. At some point thereafter, the account was placed with Defendant for collection after Plaintiff allegedly fell behind on her payments.

8. On January 22, 2015, Defendant sent Plaintiff a collection letter informing Plaintiff that Defendant would be the entity handling collection on Plaintiff's alleged debt with RISE.

9. The letter includes an "Important Notice About Your Privacy" (hereinafter "Notice").

10. This Notice stated the sources from which Defendant would collect Plaintiff's non-public personal information. The Notice goes on to state that "We may share all of this information with our affiliates as well as third parties who perform services on our behalf or with whom we have a joint marketing agreement or who assist in maintaining your account." Lastly, the Notice informed Plaintiff that she may contact Defendant by letter or phone if she did not want Defendant to disclose her non-public personal information.

11. The Notice is attached as Exhibit A.

12. On or about January 28, 2015, Defendant placed a couple telephone calls to Plaintiff which were not returned.

13. In an attempt to reach Plaintiff, a representative of Defendant's, "Vanessa," then called Plaintiff's employer J.P. Morgan Chase in an attempt to reach Plaintiff.

14. Defendant's representative spoke with Chris Chong and asked to speak with Plaintiff and asked to speak with Plaintiff, but was told Plaintiff was unavailable.

15. Defendant's representative then asked to speak with Plaintiff's supervisor, but Ms. Chong stated that she was unsure who that would be.

16. Defendant's representative then asked Ms. Chong to email Plaintiff and inform Plaintiff that it was regarding file number ****4068, which pertained to a loan.

17. Ms. Chong was not an authorized person to receive information about Plaintiff's alleged debt.

18. Plaintiff never received any written correspondence from Defendant regarding the underlying debt at any time.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692(c)(b)

19. Plaintiff repeats the allegations contained in paragraphs 1 through 13 and incorporates them as if set forth at length herein.

20. Defendant's representative contacted Plaintiff's employer and spoke with Chris Chong.

21. Defendant's representative informed Ms. Chong of Plaintiff's file number and the origin of the alleged underlying debt, a loan.

22. Ms. Chong was not an authorized person to receive information about Plaintiff's alleged debt.

23. Defendant's representative disclosure of information regarding Plaintiff's debt is in violation of 15 U.S.C § 1692c(b) which prohibits disclosure of a consumer's debt to unauthorized third parties.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e(5)

24. Plaintiff repeats the allegations contained in paragraphs 1 through 23 and incorporates them as if set forth at length herein.

25. Defendant sent Plaintiff a Notice as part of its January 22, 2015 collection letter.

26. The Notice stated that Defendant may disclose information collected about Plaintiff with its affiliates as well as third parties.

27. The FDCPA limits Defendant's ability to disclose information about Plaintiff's debt.

28. As Defendant's Notice falsely threatens to disclose information about Plaintiff's debt to third parties, it is in violation of 15 U.S.C. § 1692e(5) as it threatens action that cannot be legally taken.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e(10)

29. Plaintiff repeats the allegations contained in paragraphs 1 through 28 and incorporates them as if set forth at length herein.

30. Defendant sent Plaintiff a Notice as part of its January 22, 2015 collection letter.

31. The Notice stated that Defendant may disclose information collected about Plaintiff with its affiliates as well as third parties.

32. The FDCPA limits Defendant's ability to disclose information about Plaintiff's debt.

33. As Defendant's Notice falsely threatens to disclose information about Plaintiff's debt to third parties, it is in violation of 15 U.S.C. § 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## JURY TRIAL DEMAND

34. Plaintiff hereby requests trial by jury.

WHEREFORE, Plaintiff, Natalie Mink, respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

  a. That an order be entered declaring the Defendant's actions, as described above, in violation of the FDCPA;

  b. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k (a)(3):

e. That the Court grant such other and further relief as may be just and proper.

Dated this 29th day of April 2015,

Respectfully Submitted,

_____
Matthew T. Sheffield Esq. (MS3234)
Law Offices of Michael Lupolover
120 Sylvan Avenue, Suite 300
Englewood Cliffs, NJ 07632
Phone: 201-461-0059
Fax: 201-608-7116
matthew@lupoloverlaw.com
Attorney for the Plaintiff Natalie Mink